**Lee LAMBERT, Jr., Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 72-3328.

United States Court of Appeals, Fifth Circuit.

June 4, 1973.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Emmett B. Lewis, Adm. & Shipping Section, Morton Hollander, Chief Dept. of Justice, Kathryn H. Baldwin, Civil Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

Edward A. White, William R. Swain, Jacksonville, Fla,, for plaintiff-appellee.

Before WISDOM, GEWIN and CLARK, Circuit Judges.

PER CURIAM:

The Government appeals from a judgment awarding damages to Appellee Lambert for injuries he suffered during the performance of his duties as a stevedore foreman while employed by the United States. The Government asserts that the district court erred in holding that: (a) the previous improper loading of cargo of the USNS MUSKINGHAM, the vessel on which Lambert was performing his duties resulted in the ship being unseaworthy; (b) the findings that the ship was unseaworthy and Lambert was contributorily negligent are irreconcilable; and, (c) the proximate cause of Lambert's injuries was the unseaworthy condition of the vessel instead of concluding that Lambert's negligence was the sole proximate cause of the injury.

Lambert was the stevedore foreman for the night loading crew which was stowing cargo on board the United States' vessel, USNS MUSKINGHAM. The day crew had improperly loaded the Number 1 lower hold by initially stowing the cargo at the hatch opening and working outward to the skin of the ship instead of starting at the ship's skin and working inboard towards the hatch opening as is customary and proper. The latter loading procedure permits the last of the cargo to be lowered directly into place in the hold through the hatch opening and is admittedly the safer and more practical way of completing a loading assignment.

The day crew's loading operation had resulted in an unfilled space with a width of three feet from the ship's skin to the loaded cargo of large connex boxes and a length of approximately ten feet. After surveying this situation, Lambert determined that the most economical utilization of this space would be to place a large tire which was six feet high and three feet wide in this unused area.

To accomplish this difficult task it was necessary for Lambert to lower the tire through the hatch opening to the lower hold and then move outward with the tire over the connex boxes to the skin of the ship. With the aid of ropes it was his intention to tilt the tire over the edge of the connex boxes until it fell snugly into place in its assigned destination.

After reaching the edge of the connex boxes with the tire, Lambert lowered himself into the unused space because he felt that he could give better directions from that vantage point for the tedious tilting operation. This cumbersome loading procedure was untimely aborted when the tire caught on the edge of the connex boxes and bounced to the floor of the opening, pinning Lambert against the skin of the ship. The falling tire caused Lambert severe physical injury.

After a trial without a jury, the district court found that the day crew's improper stowage of the connex boxes had made the vessel unseaworthy. The court concluded that the doctrine of unseaworthiness is applicable to the improper stowage of cargo. The court held that

this hazardous condition was the proximate cause of Lambert's injuries. However, the court did reduce Lambert's recovery by 40%, basing its reduction on Lambert's negligent presence in the unused space when the tire was lowered over the side of the connex boxes.

After a careful review of the evidence presented at trial, we conclude that there was ample evidence to support the findings of the court below. The district court correctly discerned the controlling legal principles and applied them to the facts adduced from the evidence presented. The district court's judgment is therefore, affirmed.